9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Omar STEWART-LOPEZ, Defendant-Appellant.
 No. 92-10211.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1993.*
Submission Vacated May 25, 1993.
Resubmitted July 19, 1993.
Decided Nov. 2, 1993.
 
 Before: FLETCHER, REINHARDT, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Omar Stewart-Lopez appeals his convictions for conspiracy to possess cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), and possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We affirm.[1]
 
 A. Sufficiency
 
 3
 1. Conspiracy to Possess with Intent to Distribute
 
 
 4
 The evidence shows that Stewart-Lopez took part in a discussion in which conspirators decided upon the terms of a cocaine transaction to be offered to cocaine buyers. After the terms were accepted, he participated in a conversation during which the details of the transaction--including the time and place of its occurrence--were set. Under the terms of the transaction, the buyers (who were actually government agents) were to purchase five kilos of cocaine, and then, an hour later, 195 kilos of cocaine. Stewart-Lopez's role in the transaction was to deliver the 195 kilos, and he promised to fulfill that role. Confronted by arresting officers, he may have attempted to flee.[2] Thirteen $100 bills in serialized currency that government agents gave to his co-defendants as part payment for an initial, sample kilo of cocaine were found in his wallet. This evidence provides more than the necessary slight connection to establish him as a member of the conspiracy. See United States v. Sanchez-Mata, 925 F.2d 1166, 1168 (9th Cir.1991).
 
 2. Possession with Intent to Distribute
 
 5
 Stewart-Lopez's conviction for possession with intent to distribute may be affirmed on co-conspirator liability. In addition, his actions support the proposition that he "intentionally assisted in the venture's illegal purpose," United States v. Vasquez-Chan, 978 F.2d 546, 552 (9th Cir.1992), thus establishing liability on an aiding and abetting theory. Because either of these two theories suffices, it is not necessary to discuss Stewart-Lopez's liability on a constructive possession theory.
 
 B. Impeachment Evidence
 
 6
 Stewart-Lopez contends that the prosecution misled the jury as to the nature of the deal struck between the government and Hillman, the confidential informant. He claims that the district court abused its discretion in denying his motion for a new trial based on newly-discovered evidence regarding the deal. See United States v. George, 960 F.2d 97, 101 (9th Cir.1992) (denial of motion for new trial reviewed for abuse of discretion).
 
 
 7
 At trial, Hillman testified that, in exchange for his testimony, federal drug charges would not be pressed against him and that he did not know how state drug charges still pending against him would be resolved. However, in a letter dated two months after trial, a deputy county attorney stated that, from the start, the deal was that state charges were to be dropped against Hillman "if his cooperation with D.E.A. agents was satisfactory," and that Hillman had been informed of this. [Stewart-Lopez SER 55].
 
 
 8
 Generally speaking, newly discovered evidence does not warrant a new trial if it is merely impeaching--it must be material. United States v. Davis, 960 F.2d 820, 824-25 (9th Cir.1992) (citing United States v. Walgren, 885 F.2d 1417, 1428 (9th Cir.1989)), cert. denied, 113 S.Ct. 210 (1992).[3] Newly discovered impeachment evidence may be considered "material" if it is powerful enough to render wholly incredible the testimony of the impeached witness, and if the witness' testimony was uncorroborated and provided the only evidence of an essential element of the government's case. Id. at 825. Here, the new impeachment evidence does not make Hillman's testimony wholly incredible. Even in the absence of that evidence, a trier of fact would have been likely to conclude that the continued good will of the federal prosecutors depended on Hillman's performance against Stewart-Lopez and his co-defendants. That Hillman was similarly situated with respect to state prosecutors would not have added much with respect to the question of his credibility.
 
 C. Flight Instruction
 
 9
 The evidence presented at Stewart-Lopez's trial showed that Stewart-Lopez and two separately-tried co-defendants were arrested together and that, as officers arrested the three men, one man attempted to flee but was caught at the scene. At trial, one officer testified that the man who attempted to flee was Stewart-Lopez, while two other officers testified that it was one of the separately-tried co-defendants who attempted to flee. Coincidentally, Stewart-Lopez was tried with two other co-defendants, neither of whom was arrested with him and both of whom were fugitives who were tried in absentia. Stewart-Lopez contends that the district court erred in giving a flight instruction. Because he did not object to the instruction at trial, we review for plain error. United States v. Boone, 951 F.2d 1536, 1541 (9th Cir.1991).
 
 
 10
 The court's flight instruction clearly applied only to the two fugitive co-defendants. It stated:
 
 
 11
 There has been introduced in this case evidence that two defendants failed to appear on the date set for their trial in this case. Whether or not this constituted flight after they were accused of a crime that had been committed is for you to determine.
 
 
 12
 * * *
 
 
 13
 In your determination of this evidence, you can consider that there may be many reasons for a defendant's failure to appear for his trial in this matter, totally consistent with innocence. You should consider and weigh this evidence in connection with all other evidence in the case and give it such weight, if any, as in your judgment it is fairly entitled to receive.
 
 
 14
 [CR 218, No. 13]. Because the instruction clearly did not apply to Stewart-Lopez, the court did not commit plain error.
 
 D. Evidence of Search
 
 15
 Stewart-Lopez contends that the court erred in denying his motion for a new trial based on failure to disclose Brady material. At trial, a government agent testified that Stewart-Lopez's wallet, which contained the thirteen $100 bills in serialized currency, was in a bag of personal effects that he understood had been removed from Stewart-Lopez's person at the time of his arrest. At a hearing on Stewart-Lopez's motion for a new trial, the agent repeated this testimony. Another agent testified at the hearing that the hotel room of a separately-tried co-defendant, which was searched after Stewart-Lopez's arrest, contained Mexican currency and a wallet with identification but no money. Stewart-Lopez contends that, at the time of his arrest, his wallet was in the hotel room, not on his person; that government agents retrieved it by means of a non-consensual search of the hotel room; and that the search should have been disclosed to him.
 
 
 16
 We find no Brady violation. Stewart-Lopez does not deny that he knew that government agents seized his wallet and that it contained the money in question. He must have known before trial whether his wallet was found in his room or on his person. Had he wished to suppress the $1300, he should have moved to do so.[4]
 
 E. Ineffective Assistance of Counsel
 
 17
 Whether a defendant received ineffective assistance of counsel is a legal question reviewed de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). A defendant claiming ineffective assistance of counsel must show that counsel's actions were "outside the wide range of professionally competent assistance" and were prejudicial in effect. Strickland v. Washington, 466 U.S. 668, 687-90, 104 S.Ct. 2052, 2064-66 (1984).
 
 
 18
 Although claims of ineffective assistance of counsel are usually presented on collateral attack, a court is not precluded from addressing the issue on direct appeal where the record is sufficiently complete to permit a decision on the issue. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). The basis of Stewart-Lopez's claim is that his attorney should have allowed him to testify on his own behalf, but did not. The government correctly notes that such a claim requires information that is not available in the record, such as some indication that Stewart-Lopez wished to testify and that his attorney prevented him from doing so. Because this issue must be determined by facts that are not in the record, we do not decide it on direct appeal.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In his supplemental brief, Stewart-Lopez cites to the trial record of two co-defendants who were tried separately and whose appeals we have resolved in a separate opinion. United States v. Ramos-Rascon, No. 92-10153. Because that material is not part of the record in Stewart-Lopez's case, we have disregarded it in evaluating the issues he presents on appeal. However, our familiarity with the record persuades us that the evidence presented in the other trial would not change our decision here
 
 
 [2]
 See infra Part C
 
 
 [3]
 In addition, the defendant must show that the evidence was unknown at the time of trial, that it will probably produce an acquittal, and that the failure to learn of it sooner was not due to a lack of diligence. Id
 
 
 [4]
 Stewart-Lopez included in his list of pre-trial motions a motion to suppress evidence [CR 108], but apparently did not actually make such a motion. See CR 152 (minute order resolving Stewart-Lopez's pre-trial motions)