**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leroy GEORGE, Defendant–Appellant.**

**No. 90–10425.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 1991.

Decided March 24, 1992.

David G. Alvarez, Asst. Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Darcy A. Cerow, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before NORRIS, BEEZER and LEAVY, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Leroy George appeals his conviction on three counts of sexual abuse. He contends that the admission of hearsay statements made by the victim to her examining physician and to a Navajo tribal investigator violated his rights under the Confrontation Clause of the Sixth Amendment. George also contends that the government improperly used impeachment testimony as substantive evidence against him and that the district court abused its discretion in denying his motion for a new trial. We affirm.

I

The indictment charged George with causing his 12-year-old stepdaughter to have sexual intercourse with him on three separate occasions in 1988. In her testimony, the victim identified George as her attacker and described the sexual attacks. She testified to the approximate date of the acts alleged in count III of the indictment. However, she was not able to recall the approximate dates of the acts alleged in counts I and II.

Dr. Ortiz–Pino examined the victim on February 22, 1989, approximately five months after the date of the last attack as alleged in the indictment. Over George's objections, the trial court allowed Dr. Ortiz–Pino to testify to a hearsay statement

identifying George as the assailant, which the victim made during the course of Dr. Ortiz–Pino's examination of her. On February 28, 1989, investigator Akeah interviewed the victim. Over George's objections, the trial court allowed Akeah to testify to the victim's hearsay statements specifying the dates of the acts alleged in counts I and II.

After George's conviction, the victim recanted her testimony against him and George moved for a new trial, which was denied after an evidentiary hearing. Appellant was sentenced to a term of 264 months and this appeal followed.

## II

■ George contends that the admission of hearsay testimony from Dr. Ortiz–Pino and investigator Akeah violated his rights under the Confrontation Clause. Alleged violations of the Confrontation Clause are reviewed de novo. *United States v. Jenkins*, 884 F.2d 433, 435 (9th Cir.), *cert. denied*, 493 U.S. 1005, 110 S.Ct. 568, 107 L.Ed.2d 562 (1989).

■ The hearsay rule and the Confrontation Clause are not coextensive. *Idaho v. Wright*, 497 U.S. 805, 110 S.Ct. 3139, 3146, 111 L.Ed.2d 638 (1990). Hearsay testimony is barred by the Confrontation Clause in criminal cases unless, *inter alia*, it has "adequate indicia of reliability." *Id.* (quoting *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980)). The reliability requirement is satisfied if the statement falls within a "firmly rooted hearsay exception" or if it is supported by "particularized guarantees of trustworthiness." *Id.* at 3147.

### A

■ The trial court admitted Dr. Ortiz–Pino's hearsay testimony pursuant to the hearsay rule's medical examination exception, which permits hearsay testimony regarding:

Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

Fed.R.Evid. 803(4). The medical examination exception is a firmly rooted hearsay exception. *White v. Illinois*, —— U.S. ——, —— n. 8, 112 S.Ct. 736, 742 n. 8, 116 L.Ed.2d 848 (1992); *Wright*, 110 S.Ct. at 3149. When hearsay testimony is properly admitted pursuant to this exception, no further guarantees of trustworthiness are required. *Wright*, 110 S.Ct. at 3147; *Roberts*, 448 U.S. at 66, 100 S.Ct. at 2539.

■ George contends that statements identifying an assailant do not fall within the medical examination exception. The advisory committee notes to Rule 803(4) observe that statements of fault will not ordinarily be admissible under the exception. However, other circuits have held that statements by a victim identifying her sexual abuser are admissible under the medical examination exception. *See, e.g., Morgan v. Foretich*, 846 F.2d 941, 948–50 (4th Cir.1988); *United States v. Renville*, 779 F.2d 430, 435–39 (8th Cir.1985). The critical inquiry is whether such statements are "made for purposes of medical diagnosis or treatment" and are "reasonably pertinent to diagnosis or treatment." Fed.R.Evid. 803(4).

Sexual abuse involves more than physical injury; the physician must be attentive to treating the victim's emotional and psychological injuries, the exact nature and extent of which often depend on the identity of the abuser. *Renville*, 779 F.2d at 437. Furthermore, depending upon the nature of the sexual abuse, the identity of the abuser may be pertinent to the diagnosis and treatment of sexually transmitted diseases.[1] Dr. Ortiz–Pino testified that she asked about the assailant's identity for the purpose of diagnosing and treating the victim. We hold, therefore, that the district

---

**1.** If the victim is a child, the physician may also have an obligation under state law to prevent the child from being returned to an environ-

ment in which she cannot be adequately protected from abuse. *Renville*, 779 F.2d at 438.

court did not abuse its discretion in admitting Dr. Ortiz–Pino's hearsay testimony pursuant to Fed.R.Evid. 803(4) and that George's rights under the Confrontation Clause were not violated.

 That the victim in this case was a 12–year–old child does not change our analysis. Focusing on the personal characteristics of the victim is inconsistent with the categorical approach to "firmly rooted" hearsay exceptions adopted by the Supreme Court. *See Wright,* 110 S.Ct. at 3147 (reliability requirement satisfied if statement falls within "firmly rooted" hearsay exception). For hearsay statements to be admissible under Rule 803(4), the district court need only determine that they were "made for purposes of medical diagnosis or treatment" and were "reasonably pertinent to diagnosis or treatment." Fed.R.Evid. 803(4). As a general matter, the age of the child and her other personal characteristics go to the weight of the hearsay statements rather than their admissibility.

George's reliance on *Idaho v. Wright,* 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), is misplaced. Although *Wright* involved statements from an abused child to a doctor, those statements were admitted pursuant to Idaho's residual hearsay exception rather than a "firmly rooted" exception. *Id.* at 3147–48. The Court's opinion was confined to what the Confrontation Clause requires when hearsay statements are admitted under an exception that is not "firmly rooted." It did not purport to address the scope of the medical examination exception. Since neither the Court's opinion nor the opinion of the Supreme Court of Idaho, *State v. Wright,* 116 Idaho 382, 775 P.2d 1224 (1989), reveals whether the statements would have been admissible under a medical examination exception, we will not read into the Supreme Court's opinion any judgment regarding the admissibility of statement by a victim identifying her sexual abuser under Fed.R.Evid. 803(4).

**B**

 We turn next to the hearsay testimony of investigator Akeah regarding the dates of the acts charged in counts I and II. The trial court admitted Akeah's testimony pursuant to the residual hearsay exception. Fed.R.Evid. 803(24). Because the residual exception is not a "firmly rooted" hearsay exception, the Confrontation Clause requires that Akeah's testimony be supported by "particularized guarantees of trustworthiness." *Wright,* 110 S.Ct. at 3147. When the district court has failed to make particularized findings, the appellate court may review the record to determine if such guarantees exist. *See id.* at 3152 (reviewing record).

 The Supreme Court has "decline[d] to endorse a mechanical test for determining 'particularized guarantees of trustworthiness.'" *Id.* at 3150. "[C]ourts have considerable leeway in their consideration of appropriate factors." *Id.* Here, we find that three guarantees of trustworthiness exist. First, there was no motive for the victim to lie about the dates of the attacks. *See id.* (citing this factor). If the victim had a motive to fabricate any part of her story, it would not have been the dates. Second, the victim referred to the dates by days of the week and months as would be expected of a child her age. *See id.* (citing this factor). Third, there was no evidence that Akeah used leading questions.[2] We hold that the victim's statements to Akeah about the dates of the acts alleged in counts I and II possessed guarantees of trustworthiness sufficient to satisfy the Confrontation Clause.

**III**

 George also contends that Akeah's testimony regarding the dates in counts I and II was impermissible impeachment of the victim's testimony. Impeachment testimony may not be used to present substantive evidence that would otherwise be inadmissible. *United States v. Crouch,*

2. Although we think it proper to consider whether leading questions were used, we recognize that the use of leading questions does not necessarily render responses untrustworthy. *Id.* at 3148 (citing J. Myers, Child Witness Law and Practice § 4.6, pp. 129–34 (1987)).

731 F.2d 621, 623 (9th Cir.1984), *cert. denied,* 469 U.S. 1105, 105 S.Ct. 778, 83 L.Ed.2d 773 (1985). However, Akeah's testimony was admissible as substantive evidence pursuant to Fed.R.Evid. 803(24). Moreover, Akeah's testimony was explicitly used to supplement the victim's testimony rather than to impeach it. In short, there is nothing in the record to support George's argument that the government was making improper use of impeachment testimony.

### IV

 Finally, George argues that the trial court erred in denying his motion for a new trial. We review the decision not to grant a new trial for abuse of discretion. *United States v. Citro,* 842 F.2d 1149, 1152 (9th Cir.), *cert. denied,* 488 U.S. 866, 109 S.Ct. 170, 102 L.Ed.2d 140 (1988).

George's motion was based on the victim's recantation of her testimony several months after the trial when she had returned to live with her mother. The victim had previously told the court that her mother had instructed her to lie when she testified at trial. On July 3, 1990, the court held an evidentiary hearing after which it found that the victim was subject to influence and manipulation by others, including members of her immediate family. We hold that the district court did not abuse its discretion in denying the motion for a new trial on the ground that the recantation was not credible.

AFFIRMED.