983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth Albert MILLER, Petitioner-Appellant,
v.
Jack McCORMICK, Warden, Montana State Prison, Respondent-Appellee.
 No. 92-35057.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1992.*
Decided Dec. 29, 1992.
 
 Before WALLACE, Chief Judges, and SKOPIL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Albert Miller appeals pro se the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (1988). He contends that the district court erred by rejecting his claims that (1) there was prejudicial pretrial publicity; (2) the evidence was insufficient to support his conviction; and (3) codefendant's recantation entitled him to a new trial. All of these contentions were presented to the state's highest court and rejected. See State v. Miller, 231 Mont. 497, 757 P.2d 1275 (1988). We also reject them and accordingly, we affirm.
 
 DISCUSSION
 1. Pretrial Publicity
 
 3
 Miller contends that he was denied a fair trial because pretrial media publicity prejudiced the jurors against him. On habeas review of such a contention, we "make an independent review of the record to determine whether there was such a degree of prejudice against the petitioner that a fair trial was impossible." Jeffries v. Blodgett, 974 F.2d 1179, 1187 (9th Cir.1992) (internal quotation omitted). We do so by independently examining the news reports for "volume, content, and timing to determine if they were prejudicial." Id.
 
 
 4
 We have examined the articles and we agree with the state Supreme Court that "[t]he reports were factual, contained no editorializing and could not have served to inflame the prejudice of the community." Miller, 757 P.2d at 1280. Thus, we agree with the state court that Miller has not shown actual prejudice. See Hart v. Stagner, 935 F.2d 1007, 1013 (9th Cir.1991) (state court's determination whether actual juror bias existed is a question of fact presumed correct in federal habeas proceedings).
 
 
 5
 In federal court, a petitioner may show "presumed prejudice" by demonstrating that the "community where the trial was held was saturated with prejudicial and inflammatory media publicity about the crime." Jeffries, 974 F.2d at 1187 (internal quotation omitted). Although there were many news articles concerning Miller's crime, it cannot be said that the media accounts were so prejudicial and inflammatory that he did not receive a fair trial. This is undoubtedly due to the trial court's orders limiting statements by attorneys, law enforcement officers, and witnesses and excluding photographic, broadcasting and television equipment from the courtroom. Moreover, most of the articles centered not on Miller but rather on the victims' celebrity son. The evidence does not support Miller's claim that the publicity denied him a fair trial.
 
 2. Insufficient Evidence
 
 6
 Miller contends there was insufficient evidence presented at trial to support his conviction. He argues that other than the uncorroborated testimony of his codefendant, there is no evidence that he was engaged in a robbery at the time of the murders. The state Supreme Court rejected Miller's argument, concluding that the "evidence presented, corroborating, circumstantial and direct, was sufficient to support the jury's verdict." Miller, 757 P.2d at 1287.
 
 
 7
 In reviewing Miller's claim, we must view the evidence in a light most favorable to the government and determine whether on that basis any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. See Mikes v. Borg, 947 F.2d 353, 356 (9th Cir.1991) (citing Jackson v. Virginia, 443 U.S. 307, 320 (1979)), cert. denied, 112 S.Ct. 3055 (1992). A conviction that fails to meet that standard violates due process and entitles the convicted defendant to habeas relief. Mikes, 947 F.2d at 356.
 
 
 8
 We have reviewed the record in this case and we conclude that there is sufficient evidence to support Miller's conviction. There is ample evidence of his presence at the scene of the crime, opportunity to commit the crime, and of his flight from the crime scene and attempts to elude authorities. This evidence is fully reviewed in Miller, 757 P.2d at 1282-85, and completely supports that court's and the district court's conclusions that sufficient evidence was introduced at Miller's trial to allow the jury to convict him.
 
 3. Recanted Testimony
 
 9
 Miller contends that his codefendant's recantation of trial testimony constitutes new evidence that entitles him to habeas relief. We disagree. The mere existence of newly discovered evidence relevant to the guilt of a state prisoner is not sufficient to allow a federal court to grant habeas relief. A petitioner must also show that the newly discovered evidence would probably have resulted in acquittal. Jeffries, 974 F.2d at 1186.
 
 
 10
 We agree with the district court that Miller failed in this burden. Even without codefendant's trial testimony, the jury was presented with ample corroborating evidence connecting Miller to the murders and to the felonious assault. See Miller, 757 P.2d at 1282-85 (detailing evidence). Moreover, the state trial court and the federal magistrate judge found that codefendant's recanted testimony was not credible. Such credibility determinations are sufficient to permit a trial court to reject a motion for a new trial based on recanted testimony. See United States v. George, 960 F.2d 97, 101 (9th Cir.1992). We conclude that the district court did not err by rejecting Miller's claim.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3