999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman REINBERGER, Defendant-Appellant.
 No. 92-50598.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1993.
Decided July 6, 1993.
 
 Before: BROWNING, BRIGHT,* and TANG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The parties are familiar with the facts and issues and we will not restate them.
 
 
 3
 I. Witness Coercion.
 
 
 4
 There is no evidence the government coerced Berlant into changing his testimony. Both the government and Reinberger used Berlant's earlier grand jury and deposition testimony to impeach his trial testimony. Reinberger had the opportunity to present his theory that Berlant was coerced to the jury. The district court instructed the jury at length on witness credibility. See United States v. Wolf, 839 F.2d 1387, 1396 (10th Cir.1988) (counsel was free to cross-examine allegedly coerced witness and jury was free to determine the witness's credibility); cf. United States v. Jenkins, 884 F.2d 433, 436-38 (9th Cir.1989) (not error to limit cross examination on question whether witness signed affidavit under duress where counsel was permitted to explore issue at length). Accordingly, the district court did not abuse its discretion when it denied the motion to dismiss the indictment and the motion for a new trial. United States v. George, 960 F.2d 97, 101 (9th Cir.1992).
 
 
 5
 II. Sufficiency of the Evidence.
 
 
 6
 A. Intent to Commit Mail Fraud.
 
 
 7
 Reinberger admits the evidence is sufficient to show he intended to participate in a kickback scheme in which Berlant paid Grable through Reinberger in exchange for contracts to sell fasteners. The scheme constituted mail fraud because it deprived Rohr "of its right to make an informed choice among [products]," United States v. Green, 745 F.2d 1205, 1209 (9th Cir.1984), and deprived Rohr of property " 'by means of false ... representations,' " United States v. Oren, 893 F.2d 1057, 1062 (9th Cir.1990) (citation omitted).
 
 
 8
 B. Money Laundering.
 
 
 9
 The money that Berlant gave Reinberger to pay Grable constituted the proceeds of mail fraud. More than 90% of MTM's business was with Rohr, and Grable testified he marked up the price for almost every order he placed with MTM. See United States v. Jackson, 935 F.2d 832, 840 (7th Cir.1991) (it is enough that "the funds involved in the transaction are derived only in part from 'specified unlawful activities' "). Reinberger knew the money was the proceeds of mail fraud because he knew the payment was part of the kickback scheme. There was no plain error.
 
 
 10
 Affirmed.
 
 
 
 *
 The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3