990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Karl GERWER, Defendant-Appellant.
 No. 92-50423.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1993.
Decided April 20, 1993.
As Amended on Denial of Rehearing and Rehearing
En Banc Aug. 5, 1993.
 
 Before FARRIS, NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Karl Gerwer was convicted of two counts of submitting false statements to financial institutions and one count of bankruptcy fraud. He appeals on the grounds that the evidence was insufficient to convict him on the two false statement counts and that the court abused its discretion by denying his motion for a new trial on all three counts.
 
 
 3
 We review whether the evidence was sufficient to sustain a conviction by asking "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Jackson, 443 U.S. 307, 319 (1979).
 
 
 4
 In order to convict a defendant of making false statements to financial institutions, the government has to prove the following:
 
 
 5
 (1) that defendant made a false statement to a bank; (2) that he did so for the purpose of influencing the bank's action; (3) that the statement was false as to a material fact; and, (4) that the defendant made the false statement knowingly.
 
 
 6
 United States v. Bonnette, 663 F.2d 495, 497 (4th Cir.1981), cert. denied, 455 U.S. 951 (1982).
 
 
 7
 In count 11, the government charged that appellant knowingly made a materially false statement for the purpose of obtaining a loan from First Federal Savings Bank. Specifically, the government claimed that appellant falsely stated (1) that he was the sole owner of property at 12040 Strathern Street, North Hollywood, California, and (2) that he owned an $800,000 certificate of deposit at Home Savings.
 
 
 8
 Appellant argues that the property and the $800,000 account were actually recorded in his name. However, appellant cannot claim that the Strathern property and the $800,000 account actually constituted assets that he "owned." Especially in this context, "owned" certainly meant more than holding bare legal title to the property. uSee United States v. Miller, 676 F.2d 359, 363 (9th Cir. 1992). The government presented persuasive evidence at trial showing that (1) the property actually belonged to Strathern Pacific, and (2) the $800,000 actually belonged to Milton Salzman. Thus, the government presented evidence sufficient to prove that appellant made a statement that was materially false as to his assets. The evidence was sufficient to convict appellant of the crime charged in count 11.
 
 
 9
 In count 12, the government charged that appellant knowingly made a materially false statement for the purpose of obtaining an extension of credit from Transworld Bank. Specifically, the government claimed that appellant falsely stated that he "owned" a $300,000 account at Home Savings. Especially in this context, "owned" certainly meant more than holding bare legal title to the property. See Miller, 676 F.2d at 363. The evidence showed that the $300,000 actually belonged to the Concord bankruptcy estate. The evidence was sufficient to convict appellant of the crime charged in count 12.
 
 
 10
 Appellant also argues that the district court abused its discretion in denying his motion for a new trial on counts 11 to 13. He argues that certain evidence introduced at trial was so prejudicial that it denied him a fair trial as to these counts.
 
 
 11
 We review a trial court's denial of a defendant's Rule 33 motion for a new trial for abuse of discretion. United States v. George, 960 F.2d 97, 101 (9th Cir.1992). We review a district court's decision balancing the probative value of evidence against its prejudicial effect for abuse of discretion. United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989).
 
 
 12
 The government argues that appellant waived his right to complain about the prejudice suffered from the evidence on Counts 1 through 10 on which he was acquitted by not seeking to sever those counts from counts 11 through 13. We need not decide this issue because we conclude that, even if appellant did not waive the right to raise the prejudice issue, he would still lose. The district court did not abuse its discretion in ruling that the evidence of which appellant complains was not unduly prejudicial, especially considering the fact that the evidence of guilt on counts 11 through 13 was compelling.
 
 
 13
 The convictions are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3