5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Donnie Wayne DURRETT, Petitioner-Appellant,
v.
Neal BROWN, Superintendent, Clallam Bay Correction Center,
Respondent-Appellee.
 No. 92-36683.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1993.
Decided Aug. 26, 1993.
 
 Before: CANBY, WIGGINS and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 RANDALL IDENTIFICATION
 
 2
 Assuming arguendo that Randall's testimony was improperly admitted and that a federal constitutional right was thereby implicated, the error did not have a "substantial and injurious effect or influence" on the jury's verdict. Brecht v. Abrahamson, --- U.S. ----, 113 S.Ct. 1710, 1713 (1993); Henry v. Estelle, No. 91-55691, slip op. at 5083 n. 2 (9th Cir. May 18, 1993).
 
 
 3
 The victim had more than forty-five minutes in which to view her attackers. She picked Durrett out of the lineup without hesitation and even noted the change in his appearance from shaving his sideburns and cutting his hair. Her testimony, coupled with all of the other evidence, renders any error in admitting Randall's testimony harmless.
 
 NEW TRIAL
 
 4
 The state trial judge determined that the newly discovered evidence was not credible. This fact-finding by the state court is presumed correct under 18 U.S.C. Sec. 2254(d) and reviewed for clear error. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). The state court's finding is not clearly erroneous.
 
 
 5
 The test used by the state court to determine whether a new trial was called for was analogous to that used by the federal courts in deciding motions for new trial. Compare State v. Swan, 790 P.2d 610, 625-26 (Wash.1990), cert. denied, 498 U.S. 1046 (1991) with United States v. Walgren, 885 F.2d 1417, 1428 (9th Cir.1989). Durrett cites no authority, nor have we discovered any, which indicates that trial judges considering motions for new trial cannot make credibility determinations without running afoul of the right to trial by jury. Such a decision is required in many instances when the trial judge has to determine whether the newly discovered evidence will probably produce an acquittal. See United States v. George, 960 F.2d 97, 101 (9th Cir.1992).
 
 
 6
 Couching the new trial decision by the trial judge in terms of the Sixth Amendment right trial by jury does not elevate the question to one of constitutional dimension. See Herrera v. Collins, --- U.S. ----, 113 S.Ct. 853, 860 (1993) (noting that claims of actual innocence based on newly discovered evidence do not state a ground for relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.) The real issue is whether the verdict is sufficient to withstand the motion. The right to trial by jury is not implicated unless the trial judge determines that the newly discovered evidence is of such quality that it could have influenced the jury's verdict. That is not the case here.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3