19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Duane WHITMIRE, Defendant-Appellant.
 No. 93-50434.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1994.
Decided March 11, 1994.
 
 Before: TANG, PREGERSON, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant, Stephen Duane Whitmire, appeals the jury's verdict finding him guilty of six counts of a nine count criminal indictment relating to the possession of stolen mail and the falsification of identification documents. He contends that there is insufficient evidence to support each conviction; that the trial court should have granted his motion for a new trial; and that the trial court erred twice in its evidentiary rulings. We affirm.
 
 DISCUSSION
 
 3
 I. Insufficient Evidence Claims.
 
 
 4
 Mr. Whitmire argues that there is insufficient evidence to support each of his six convictions. Upon review of the record, we find that a rational trier of fact could find him guilty beyond a reasonable doubt of each of the charges.
 
 
 5
 Mr. Whitmire challenges the sufficiency of the evidence of his conviction for possession of stolen mail--Count 1 of the superseding indictment--on the ground that the evidence is insufficient to prove that he endorsed the checks. The following evidence adduced at trial: the checks were found in Mr. Whitmire's wallet; he speculated that the arresting officer put the checks in his wallet; the driver's license number written on the checks was the same as appellant's, but for two transposed numbers; the intended recipients who testified stated they never received their respective checks and never endorsed them; the Postal Inspector confirmed that all the checks were addressed to recipients within a three-mile radius; appellant's fingerprints were on three of the eight checks; and the checks were all mailed between July 30, 1991, and August 1, 1991. Based upon this evidence, a reasonable jury could have found beyond a reasonable doubt that Mr. Whitmire knowingly possessed stolen checks. Proof that appellant signed the checks was merely cumulative evidence in the Government's case.
 
 
 6
 Mr. Whitmire's charge that his conviction for attempted unauthorized use of a Mastercard issued to Mike Schwartz--Count 2 of the superseding indictment--is based upon his assertion that the Radio Shack manager's testimony was unbelievable. The evidence is to the contrary.
 
 
 7
 Mr. Whitmire's charge that each of his remaining four convictions is supported by insufficient evidence is based on his assertion that Ms. De La Cruz's testimony was incredible. Appellant speculates that Ms. De La Cruz's testimony was motivated by her desire to protect an unknown individual with whom she was involved in a conspiracy to commit the illegal acts for which appellant was convicted. The record is void of evidence of a coconspirator other than appellant. Further, Ms. De La Cruz's testimony was largely substantiated by other evidence.
 
 
 8
 Because we conclude a reasonable jury could have found beyond a reasonable doubt the essential elements of the crimes for which Mr. Whitmire was convicted, his claims of insufficient evidence fail.
 
 
 9
 II. Mr. Whitmire's Motion for New Trial.
 
 
 10
 Mr. Whitmire next argues that the trial court abused its discretion in denying him a new trial. The decision not to grant a motion for new trial pursuant to Fed.R.Crim.P. 33 is reviewed for an abuse of discretion. United States v. George, 960 F.2d 97, 101 (9th Cir.1992). We find that Mr. Whitmire fails his burden to demonstrate that he was entitled to a new trial.
 
 
 11
 Arguing before the district court, Mr. Whitmire grounded his request for a new trial in his assertion that the interests of justice had not been served because there was insufficient evidence in support of each of his convictions. Mr. Whitmire renews this contention on appeal. Our rejection of Mr. Whitmire's claims of insufficient evidence compels our rejection of his argument that the district court abused its discretion in denying his motion for a new trial.
 
 
 12
 III. Trial Court's Exclusion of Testimony.
 
 
 13
 Mr. Whitmire contends that the district court abused its discretion in prohibiting a defense handwriting expert from testifying that Ms. De La Cruz forged a check on an occasion previous to the facts of this case. We reject appellant's contention.
 
 
 14
 By testifying, Ms. De La Cruz put her character for truthfulness in issue. A trial court may under Fed.R.Evid. 608(b) determine if evidence is probative of truthfulness, and under Rule 403 exclude even probative evidence if the prejudicial effect outweighs the probative value. Contrary to the district court's conclusion here, evidence of forgery may be admissible under Rule 608(b) as being probative of truthfulness or untruthfulness. See United States v. Waldrip, 981 F.2d 799, 803 (5th Cir.1993); 3 J. Weinstein & M. Berger, Weinstein's Evidence, P. 608, at 608-43 to -46 (1975 & Supp.1987). Even so, the trial court did not abuse its discretion in prohibiting the admission of the defense handwriting expert's testimony.
 
 
 15
 Rule 608(b) recognizes that the trial court must have discretion to apply the overriding safeguard of Rule 403 excluding evidence if its probative value is substantially outweighed by dangers of prejudice, confusion, or delay. Here, the trial court concluded that the probative value of the testimony appellant sought to elicit, that Ms. De La Cruz committed a forgery previous to the incidents in this case, was outweighed by its prejudicial effect and confusion of the issues. The record supports these conclusions.
 
 
 16
 IV. Trial Court's Refusal to Admit Exemplars.
 
 
 17
 Finally, Mr. Whitmire urges that the trial court committed reversible error when it refused to admit documents that appellant signed after his arrest in August 1991. We reject this last contention as well.
 
 
 18
 Mr. Whitmire argues that the trial court improperly excluded the documents as unacceptable hearsay. He first contends, more specifically, that the issue before the court was one of foundation and not hearsay. The record does not support this contention; the Government stipulated to foundation.
 
 
 19
 Mr. Whitmire also argues that the trial court erred in finding the documents inadmissible as prior consistent statements under Fed.R.Evid. 801(d)(1)(B). A previous panel of this Circuit held with respect to Rule 801(d)(1)(B) that "[a] prior consistent statement is admissible only if it was made before the witness has a motive to fabricate." Breneman v. Kennecott Corp., 799 F.2d 470, 473 (9th Cir.1986). Here, the trial court found that the documents in issue were signed after appellant was arrested in August 1991, thus after he had a motive to fabricate. Accordingly, the court concluded that the documents had insignificant probative value under Rule 403. This factual finding is supported by the record.
 
 
 20
 However, the court's legal conclusion that the documents were inadmissible under Rules 403 and 801(d)(1)(B), while ostensibly logical, runs afoul of 28 U.S.C. Sec. 1731. Mr. Whitmire noted this statute in his trial memorandum addressing the issue of the admissibility of the documents. Unfortunately, the trial court failed to discuss the applicability of Sec. 1731 at the time it ruled on appellant's request to admit the documents.
 
 Section 1731 states:
 
 21
 The admitted or proved handwriting of any person shall be admissible, for purposes of comparison, to determine genuineness of other handwriting attributed to such person.
 
 
 22
 It is well established under Sec. 1731 that the jury is entitled to make handwriting comparisons between two admitted documents. United States v. Woodson, 526 F.2d 550, 551 (9th Cir.1975). Only in "extreme or unusual circumstances" are such comparisons improper. Id. " 'Extreme or unusual circumstances' involve situations where the authenticity of the handwriting is the primary issue in the case, as where forgery is alleged." United States v. Jenkins, 785 F.2d 1387, '395 (9th Cir.), cert. denied, 479 U.S. 855 (1986). Thus, an "admitted or proved" handwriting is an authenticated document.
 
 
 23
 Here, the authenticity of the documents was never challenged. Nonetheless, the record demonstrates convincingly that the documents were what they purported to be and, more importantly, contained the signature of Mr. Whitmire. Though the Government charged that appellant was motivated to alter his signature on the documents, it could have presented its argument to the jury. It was for the jury to determine the probative value of the documents in its comparison under Sec. 1731. The trial court should have admitted the documents under Sec. 1731.
 
 
 24
 Error, however, does not necessarily compel reversal. The court's evidentiary ruling will be reversed only if its error more likely than not affected the verdicts. Yin, 935 F.2d at 994. Such was not the case here. Mr. Whitmire moved to introduce the documents to challenge the testimony of the Government's handwriting expert that the person who endorsed the stolen checks was the same person who signed "Mike Schwartz" on the Radio Shack purchase slips. Proof of appellant's signature, however, was merely cumulative evidence in the Government's case on each charge, but for Count 2 for unauthorized use of the Mastercard issued to Mike Schwartz. Even so, with respect to Count 2, the Radio Shack manager identified Mr. Whitmire as the individual who signed the purchase slips "Mike Schwartz." As a result, the probative value of the documents was rendered negligible. On this basis, it cannot be said that the trial court's error in refusing to admit the documents likely affected the verdict as to Count 2, or any of the other verdicts for that matter.
 
 
 25
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3