28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellant,
v.
Daniel Wayne CARLISLE, Defendant-Appellee.
 No. 93-10295.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1994.*
Decided May 20, 1994.
 
 Before: FARRIS, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A jury in the District Court of Guam convicted Daniel Wayne Carlisle of two counts of robbery in the third degree. He was sentenced to two years' imprisonment on each count to be served concurrently. Concluding that hearsay testimony of one of the victims was erroneously admitted in violation of Carlisle's Sixth Amendment right to confrontation, the District Court of Guam, Appellate Division, reversed Carlisle's conviction on both counts. The hearsay testimony did not affect one of the two counts. We reverse and reinstate the jury's verdict as to count one of the Superseding Indictment.
 
 
 3
 * The Government concedes that the trial court's admission of the victim Nakatsuka's statement violated Carlisle's Sixth Amendment right to confrontation. The Government also concedes that the admission of the hearsay statement was reversible error as to Count Two of the Superseding Indictment, which charged Carlisle with the robbery of Nakatsuka. The only issue raised on appeal is whether the admission of Nakatsuka's statement was harmless error as to Carlisle's conviction on Count One of the Superseding Indictment, which charged him with the robbery of Kazubiko Hara. The error was harmless because Nakatsuka's statement had no relevance to Carlisle's conviction for the robbery of Hara.
 
 
 4
 Where violations of the confrontation clause are alleged, the court reviews de novo. United States v. George, 960 F.2d 97, 98 ((th Cir.1992); United States v. Payne, 944 F.2d 1458, 1468 n. 9 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992). Confrontation clause violations are subject to harmless error analysis. Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986); United States v. Vargas, 933 F.2d 701, 704-05 (9th Cir.1991). "A Confrontation Clause violation does not require reversal if the error was harmless beyond a reasonable doubt." Toolate v. Borg, 828 F.2d 571, 575 (9th Cir.1987).
 
 
 5
 Courts are to consider "whether, assuming that the damaging potential of the [violation] were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt." Van Arsdall, 475 U.S. at 684. The factors to consider in harmless error analysis include the importance of the witness's testimony to the prosecution's case, whether the testimony was cumulative, whether there was evidence corroborating or contradicting the witness, and the overall strength of the prosecution's case. Id.
 
 
 6
 Nakatsuka's testimony was unrelated to the prosecution's case against Carlisle under count one of the indictment. The First Count of the Superseding indictment alleged:
 
 
 7
 On or about the 4th day of September, 1991, in the Territory of Guam, Daniel Carlisle did intentionally and unlawfully use force against Kazubiko Hara, with the intent to overcome the physical resistance and physical power of resistance of Kazubiko Hara while in the course of committing theft of a clutch-type purse containing approximately $30 to $40 U.S. currencies; total value of at least $150 U.S. currency, in violation of 9 G.C.A. Secs. 40.30(a)(1) and 80.30, as amended.
 
 
 8
 R.T. vol. II, at 54.
 
 
 9
 The allegations in count one are self-contained. They do not relate to any other events, such as the robbery of Nakatsuka. At trial, the jury heard testimony from the victim (who did not identify Carlisle as the man who robbed him), as well as testimony from Carlisle's companions (who did identify Carlisle as the man who robbed Hara). Nakatsuka's statement did not relate to the Hara robbery (he was robbed five days later). Nakatsuka's chain was stolen, rather than his purse. He described the man who robbed him as tall (whereas Hara described a short man). In addition, Nakatsuka wrote that he was accosted by a group of six or seven people. In contrast, Hara testified that his was accosted by three men.
 
 
 10
 The Government did not present Nakatsuka's statements as proof of any element of the first count of the Superseding indictment. The court specifically instructed the jury not to confuse evidence as to one count with evidence as to another count. The court instructed:
 
 
 11
 A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the accused guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.
 
 
 12
 R.T., vol. II, at 40.
 
 
 13
 The victim was unable to identify the defendant but the irrelevance of Nakatsuka's testimony as to the Hara robbery outweighs all other factors to be considered. The error was harmless.
 
 
 14
 AFFIRMED as to count two of the Superseding Indictment and
 
 
 15
 REVERSED as to count one of the Superseding Indictment.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4; Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3