56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Vincent M. VILORIA, Defendant-Appellant.
 No. 93-10636.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1994.
Decided May 19, 1995.
 
 Before: FLETCHER, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A jury convicted Vincent M. Viloria on one count of Second Degree Criminal Sexual Conduct (9 G.C.A. Sec. 25.20), three counts of Third Degree Criminal Sexual Conduct (9 G.C.A. Sec. 25.25), and one count of Possession of a Non-Narcotic Schedule I Controlled Substance with the Intent To Deliver (9 G.C.A. Sec. 65.50(a)) upon the government's evidence that Viloria provided marijuana to three young boys and performed fellatio on them. Viloria appealed his conviction to the Appellate Division of the United States District Court for the Territory of Guam, which affirmed. On appeal to this Court, Viloria renews his challenges to the jury instructions on the second degree count, to the prosecutor's comments on his late-concocted alibi defense, to the government's failure to give notice of its intent to introduce evidence of Viloria's prior drug conviction, and to the trial court's limitation of Viloria's cross-examination of the three victims. We find that none of these alleged errors warrants reversal and affirm the decision of the Appellate Division.
 
 I.
 
 3
 In February 1989, Viloria lured Joel Wolford, then fourteen years old, to his home with promises of a "surprise" if Joel would bring him some jewelry. Joel went to Viloria's home, where the two of them smoked marijuana and watched pornographic films. When Joel became sleepy from the marijuana, Viloria performed fellatio on him.
 
 
 4
 Later that month, Joel returned to Viloria's home, hoping to procure some marijuana for friends at school. On this second visit, Joel brought along his brother David Wolford, then twelve, and his cousin David Rabon, then fifteen. All four smoked marijuana and watched more pornographic films. Viloria performed fellatio on all three boys. Additionally, Viloria tried to force Joel to perform fellatio on him, and to have anal intercourse.
 
 II.
 
 5
 All three victim's testified at trial. Although the trial court allowed Viloria on cross-examination to elicit from each victim the fact that each had prior juvenile adjudications, the court did not allow Viloria to inquire into anything other than the fact of these adjudications. Specifically, the trial court refused to allow the prosecutor to ask Joel Wolford about an alleged probationary period resulting from a dismissed charge. Tr. of Feb. 6, 1992 at 78. It also prohibited Viloria from asking David Wolford and David Rabon about charges that had been dismissed. See Tr. of Feb 10, 1992 at 25, 40-41. Viloria argues that limitation of his cross examination of the three victims violated his confrontation rights. We review this claim de novo. United States v. George, 960 F.2d 97, 98 (9th Cir. 1992).
 
 
 6
 This Court has held that the Confrontation Clause requires only that the "fact of adjudication" and the "fact of probationary" status be disclosed, but not the details of the circumstances giving rise to the adjudications. Camitsch v. Risley, 705 F.2d 351, 354 (9th Cir. 1983).[1] Here, all three victims testified on direct examination that they had prior convictions or probations. David Wolford testified that he was convicted of criminal trespass. David Rabon testified that he was put on probation for criminal trespass. Joel Wolford testified that he was convicted of theft, assault, and operation of a motor vehicle without a valid driver's license. In addition, each witness testified as to whether each conviction or period of probation had occurred before or after the incidents in question in this case. Each witness also testified that the government made no promises in exchange for his testimony.
 
 The Confrontation Clause confers only a
 
 7
 right to impeach a witness by showing he has a "record" in the precise, and not the loose, sense of that word -- that is, the right to let the jury know that this witness is still facing pending criminal charges, has a prior conviction, or is still on probation. Such matters tend to give the witness a motive to aid the prosecution ....
 
 
 8
 ............................................................
 
 
 9
 ....................
 
 
 10
 * * *
 
 
 11
 In short, [the Confrontation Clause] requires that the fact of adjudication as a delinquent be disclosed along with the fact of probationary status. But it does not require, nor should it be stretched to appear to require, disclosure of the private information found in a juvenile's case file.
 
 
 12
 Camitsch, 705 F.2d at 324; see also Davis v. Alaska, 415 U.S. 308 (1974). When the witnesses revealed their adjudications on direct examination, therefore, the Confrontation Clause was satisfied. Viloria had no constitutional right to inquire further into details of the adjudications or charges that did not result in "adjudications."[2]
 
 III.
 
 13
 Viloria claims that the prosecutor improperly introduced evidence of a conviction that was over ten years old, in violation of 6 G.C.A. Sec. 609(b), which prohibits introduction of "evidence of a conviction more than ten years old ... unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."
 
 
 14
 The parties agree that the government did not give notice of its intent to introduce Viloria's prior conviction, but they dispute whether the conviction was in fact over ten years old. Viloria gave the following testimony on cross examination:
 
 
 15
 Q Have you ever been convicted?
 
 
 16
 A Yes, sir.
 
 
 17
 Q Of what?
 
 
 18
 A Dis-- Distribution.
 
 
 19
 Q Would it be Possession With Intent to Distribute a Controlled Substance?
 
 
 20
 A Yes, sir.
 
 
 21
 Q Okay.
 
 
 22
 A But this was 15 years ago.
 
 
 23
 Q I believe the date of the offense was June 4, 1985; is that not correct?
 
 A (Pause; no response)
 
 24
 Tr. of Feb. 10, 1995 at 110. Viloria's counsel objected, but the trial court allowed the line of questioning to continue. Id. at 111.
 
 
 25
 Although the trial court did not resolve this factual dispute on the record, it did instruct the jury that it could consider this prior conviction in determining Viloria's credibility. We therefore conclude that the trial court implicitly made a factual finding regarding the date of the conviction and that it found the conviction to be less than ten years old. We give deference to factual findings that underlie questions of admissibility. United States v. Chu Kong Kim, 935 F.2d 990, 994 (9th Cir. 1991). Although we are troubled by the trial court's failure to resolve this factual dispute by means of an explicit finding on the record, Viloria has provided no reason to abandon our traditional deference to trial court factual findings in this case.[3] We therefore hold that admitting evidence of Viloria's prior conviction did not violate rule 609(b).
 
 IV.
 
 26
 Viloria also challenges the jury instructions on the charge of Second Degree Criminal Sexual Conduct. The "Second Charge" of the indictment alleges that Viloria violated 9 G.C.A. Sec. 25.20(a)(1) by intentionally engaging in sexual contact with a minor under fourteen years of age. The trial judge, however, gave an instruction on this second charge that included an additional element that was both irrelevant to the crime charged in the indictment and constituted a misstatement of the law:
 
 
 27
 A person is guilty of sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exist[s]: that other person is under fourteen (14) years of age; or the actor knows or has reason to know that the victim is physically helpless.
 
 
 28
 Whether the victim is helpless is irrelevant to the crime charged -- sexual contact with a minor under the age of fourteen. Moreover, the irrelevant language also constitutes a misstatement of the law.[4] Proper conviction under the helplessness theory would require the government to prove that the victim was helpless and that the "actor is aided and abetted by one or more other persons." 9 G.C.A. Sec. 25.20(4)(i).
 
 
 29
 Viloria, however, failed to object to the instruction adequately. Rather than specifically objecting to the wording of the second degree instruction, Viloria objected only to the introduction of certain charts the government used at trial that described the second degree charge as worded in the original indictment, rather than the amended version.[5] We conclude that this objection did not fairly notify the trial court that Viloria thought the instruction itself was erroneous, and therefore review only for plain error. See United States v. Fagan, 996 F.2d 1009, 1016 (1993).
 
 
 30
 We agree with the conclusion of the appellate division that including the erroneous language in the second degree instruction did not affect Viloria's substantial rights. See 8 G.C.A. Sec. 130.50(a). It is undisputed that the victim, David Wolford, was under fourteen years of age at the time of the sexual contact. Thus, once the jury found that Viloria had engaged in sexual contact with David Wolford, he was subject to conviction for second degree assault, despite any confusion caused by the irrelevant second half of the instruction. Because we conclude that Viloria would undoubtedly have been subject to conviction in the absence of this instructional error, we decline to reverse his conviction. See United States v. Olano, 113 S. Ct. 1770, 1778 (1993) ("Normally ... the defendant must make a specific showing of prejudice to satisfy the 'affecting substantial rights' prong of Rule 52(b).").
 
 V.
 
 31
 Viloria's testimony at trial also provided, for the first time, an alibi defense: while the boys were at his house in late February, he went to see a doctor at the hospital, then to McDonald's to pick up hamburgers for the boys. During closing argument, the prosecutor commented upon the implausibility of this defense, the lack of corroborating evidence, and the fact that Viloria raised this defense for the first time at trial.
 
 
 32
 He states that while they were there he decides he has to go to the doctor, and that he's gonna go to McDonald's.
 
 
 33
 Now this story, this case has been going on for three years, this is the first time this has ever been mentioned. There's no reports, nothing. This is the first time this McDonald's story comes up, but it comes up on the stand.
 
 
 34
 So he tells you that he goes on his way, he goes to the hospital, and there was a big line. That's believable, there's always a big line when we go to the hospital.
 
 
 35
 But, did you hear any testimony from the receptionist at the hospital that came in and said, "Hey, in early February the defendant came in, he had a problem, and I signed him in -- here's the sign-up sheet -- and then we send him in to the doctor"? The receptionist.
 
 
 36
 Did you hear any testimony from the doctors that I'm the treating physician, and I treated him in early February for this problem? No.
 
 
 37
 * * *
 
 
 38
 So he claims he left the hospital and he goes to McDonald's to pick up food for those little boys that are helping him.
 
 
 39
 Now, did anybody come in from McDonald's and tell you, "I was working at McDonald's and in early February I saw this individual come in"? No. No one at all. This story that no one's heard for three years, three whole years. The first time we heard about it was on that witnes[s] stand. We all heard it for the very first time. Nobody came in and corroborated that story.
 
 
 40
 Tr. of Feb. 11, 1992 at 22-23. Viloria argues that these comments improperly focussed on his postarrest silence, violating his Fifth Amendment privilege against compelled self-incrimination. We review this claim de novo, United States v. Mares, 940 F.2d 455, 461 (9th Cir. 1991), and hold that the prosecutor's comments did not violate Viloria's rights.
 
 
 41
 Although a prosecutor may not comment upon a defendant's postarrest silence, United States v. Kallin, No. 93-10765, slip op. at 2911, 2920 (9th Cir. Mar. 17, 1995), nor upon a defendant's failure to testify, United States V. Mares, 940 F.2d 455, 461 (9th Cir. 1991), a prosecutor is free to "comment on the defendant's failure to present exculpatory evidence," id., and to "comment on the failure of the defense as opposed to the defendant to counter or explain the testimony presented or evidence introduced." United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir. 1988).
 
 
 42
 Here, the prosecutor's statements in closing argument focussed the jury's attention on the fact that Viloria's counsel presented no evidence at trial to support the late-presented alibi defense. The comments did not invite the jury to draw any inferences from the fact that Viloria himself did not profess innocence at the time of his arrest. Cf. Kallin, slip op. at 2922 (reversing a conviction because prosecutor argued that there "is certainly an implication that can be drawn ... that if you don't go to the government and tell them that you're innocent, then perhaps you're lying at trial"). Rather, the comments drew attention to the fact that, once Viloria chose to testify, he provided an uncorroborated alibi defense. The prosecutor was free to point out that, prior to his trial testimony, Viloria had failed to provide any "critical details," United States v. Ochoa-Sanchez, 676 F.2d 1283, 1286 (9th Cir. 1982), regarding this alibi defense. We therefore hold that the prosecutor's closing argument did not infringe on Viloria's Fifth Amendment rights.
 
 VI.
 
 43
 For all the foregoing reasons, the decision of the appellate division is
 
 
 44
 AFFIRMED.
 
 
 
 *
 The Honorable Edward Rafeedie, District Judge, United States District Court for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Similarly, 6 G.C.A. Sec. 609(d), which is identical to Federal Rule of Evidence 609(d), allows the trial court to admit "evidence of a juvenile adjudication of a witness other than the accused."
 
 
 [2]
 We decline Viloria's invitation to construe a "dismissal" of a charge as an "adjudication."
 
 
 [3]
 Indeed, the record reveals that Viloria, in his motion for release on recognizance, admitted that he served one year for a drug conviction in 1986
 
 
 [4]
 Relevant portions of the section read as follows:
 Sec.25.20 Second Degree Criminal Sexual Conduct.
 (a) A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exists:
 (1) that other person is under fourteen (14) years of age;
 * * *
 (4) the actor is aided or abetted by one or more other persons and either of the following circumstances exists:
 (i) the actor knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless ....
 
 
 [9]
 G.C.A. Sec. 25.20
 
 
 [5]
 Viloria's counsel objected as follows:
 I would like all the Government charts with the charges marked and incorporated into this record because, of course, we're going to be objecting to the indictment being -- well, the indictment as pled in the conjunctive, and there's going to be an instruction, I believe, if they can prove it in the disjunctive. We maintain that this is reversible error, and just for clarification we would like that included in the record so there's no mistake in what we're talking about.
 Tr. of Feb 10, 1992 at 78.