112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony FLORCZAK, Petitioner-Appellant,
v.
Kenneth DUCHARME, Respondent-Appellee.
 No. 96-35277.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Anthony P. Florczak appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction for one count of possession of a depiction of a minor engaged in sexually explicit conduct and two counts of first degree rape of a child. We review de novo a district court's decision on a section 2254 petition. See Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Florczak contends that the state court violated his Sixth Amendment right to confrontation by admitting hearsay testimony from social worker Molli Wilson. This contention lacks merit.
 
 
 4
 Admission of hearsay statements does not violate the Confrontation Clause if the statements bear adequate indicia of reliability. See Idaho v. Wright, 497 U.S. 805, 814-15 (1990). When a statement is properly admitted under a "firmly rooted" hearsay exception, no other showing of reliability is required. See White v. Illinois, 502 U.S. 346, 355-57 (1992); Ohio v. Roberts, 448 U.S. 56, 66 (1980); Swan v. Peterson, 6 F.3d 1373, 1379 (9th Cir.1993). The trial court admitted Wilson's hearsay testimony pursuant to the hearsay rule's medical examination exception, which permits hearsay testimony regarding statements made for the purpose of medical diagnosis or treatment. See Wash.Evid.R. 803(a)(4); Fed.R.Evid. 803(4) (Washington rule mirrors the federal rule). The medical examination exception is a "firmly rooted" hearsay exception for purposes of the Confrontation Clause. See White, 502 U.S. 355 n. 8. "When hearsay testimony is properly admitted pursuant to this exception, no further guarantees of trustworthiness are required." United States v. George, 960 F.2d 97, 99 (9th Cir.1992) (citing Wright, 502 U.S. at 355 n. 8). For a hearsay statement to be admissible under the medical examination exception, the court need only determine that the statement was "made for the purposes of medical diagnosis or treatment" and were "reasonably pertinent to diagnosis or treatment." See id. at 100. "As a general matter the age of the child and her personal characteristics go to the weight of the hearsay statements rather than their admissibility." Id.
 
 
 5
 Here, the trial court determined that the four-year-old victim's statements were made for the purpose of medical diagnosis and treatment. Thus, the statements were properly admitted pursuant to a firmly rooted exception to the hearsay rule and no other showing of reliability is required. See White, 502 U.S. at 355-57. Accordingly, the admission of the statements did not violate the Confrontation Clause. See id.
 
 
 6
 We decline to consider Florczak's remaining contentions because his brief contains no argument on these issues. See Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir.1993).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3