**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Allen PACE III, Defendant—Appellant.**

**No. 01–50415.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2003.

Decided May 16, 2003.

Before: BROWNING, B. FLETCHER, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Allen Pace III appeals his conviction and 290–month sentence, following a jury trial for robbery affecting interstate commerce, conspiracy to commit robbery affecting interstate commerce, use of a firearm in connection with a crime of violence, and money laundering. He testified in his own defense. He argues that the district court erred by admitting hearsay statements against him and improperly restricting his cross-examination of Lamar Wade. Pace also contends that he is entitled to the presentence reports of co-defendants who pled guilty and testified against him. Finally, Pace argues that the district court erred in enhancing his offense level by two levels pursuant to U.S.S.G. § 2B3.1(b)(3)(A) because a victim of the robbery sustained bodily injury. Because none of his arguments has merit, we affirm.

---

## DISCUSSION

The district court committed no reversible error by admitting the statements. Pace argues that Gayla Shelby improperly testified (1) that he told her that Timothy Anderson was supposed to say that he, not Pace, owned an automobile that was purchased in part with robbery proceeds; (2) that Pace told her that he owned thirteen properties that Anderson managed for him and that Pace wanted Shelby's help managing the properties and refinancing for his cousin one property that he owned; (3) that Anderson showed her a newspaper article about the robbery and asked her if she knew anyone in whose name he could transfer a number of properties; (4) that Anderson told Shelby on one occasion that he was on his way to an auction with $500,000 in cash.

Pace's statements to Shelby were admissible as party admissions. Fed. R.Evid. 801(d)(2)(A). Anderson's statements in connection with his request for assistance from Shelby in finding other persons to whom to transfer properties were co-conspirator statements in furtherance of a conspiracy to launder the proceeds of the robbery. Fed.R.Evid. 801(d)(2)(E); *United States v. Layton*, 855 F.2d 1388, 1398 (9th Cir.1988), *overruled on other grounds, United States v. George*, 960 F.2d 97 (9th Cir.1992). Finally, at trial Pace's counsel withdrew any objection to the admissibility of the statements by Anderson about bringing $500,000 to an auction, and we conclude that, considering the totality of the evidence, the district court's admission of the statement was harmless beyond a reasonable doubt. *United States v. Monaco*, 735 F.2d 1173, 1177–78 (9th Cir.1984) (admission of hearsay testimony was harmless error).

Pace contends that the district court improperly limited his cross-examination of Lamar Wade about Wade's practice of obtaining utilities and renting property in other people's names. We disagree. A district court has broad discretion to limit cross-examination, but we review de novo whether the decision to limit Pace's cross-examination of Wade violated the Confrontation Clause. *United States v. Jenkins*, 884 F.2d 433, 435–36 (9th Cir.1989). Pace's attorney was able to elicit testimony from Wade that Wade was the subject of a pending credit card fraud investigation, that there were outstanding warrants for his arrest, that he was a "hustler," and that he was testifying pursuant to an immunity agreement with the government on charges of money laundering in connection with the underlying crimes of which Pace was accused. Pace claims that examination of how Wade used other persons' names to obtain services was proper to undermine Wade's credibility and veracity. Pace's cross-examination of Wade for these purposes would have been entirely collateral, and the district court did not err in restricting it. We hold that the limitation of Pace's cross-examination of Wade did not violate the Confrontation Clause.

Pace asks this court to review the district court's in camera determination that the presentence reports of cooperating co-defendants Terry Wayne Brown, Freddie Lynn McCrary, Thomas Johnson, and Eugene Lamar Hill contained no impeachment evidence or exculpatory evidence that Pace had not already obtained from the co-defendants' plea agreements. A defendant is entitled to information in a probation file that bears on the credibility of a significant witness. *United States v. Strifler*, 851 F.2d 1197, 1201–02 (9th Cir. 1988). The district court's review of the presentence reports and its holding that they contained no exculpatory evidence or impeachment evidence that Pace did not already have satisfies that requirement.

Finally, Pace contends that the district court erred in applying a two-level offense level enhancement pursuant to U.S.S.G. § 2B3.1(b)(3)(A) for bodily injury to a victim. The district court was presented with substantial evidence that Rosario Cuevas's arm was injured during the robbery and with medical reports that indicated that the injury continued to trouble her almost a year after the robbery. Pace offered nothing to rebut this evidence. The district court committed no error by enhancing Pace's offense level because of the injury to Cuevas.

## CONCLUSION

None of Pace's arguments on appeal has merit. Accordingly, we affirm the district court.

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and may not be cited to or by the