**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARREN QUESADA,

Defendant - Appellant.

No. 12-10173

D.C. No.    3:11-cr-08088-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted September 11, 2013
San Francisco, California

Before: ALARCÓN,  BERZON, Circuit Judges, and ZOUHARY, District Judge.[**]

Appellant Darren Quesada appeals his convictions for one count of abusive

sexual contact with a minor, in violation of 18 U.S.C. §§ 1153, 2244(a)(5), and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

2260(A), and one count of aggravated sexual abuse of a minor, in violation of 18 U.S.C. §§ 1153, 2241(c), 2260A, and 3559(e). Because the government's use of peremptory strikes discriminated against prospective jurors on the basis of membership in a protected class, these convictions cannot stand. *See Batson v. Kentucky*, 476 U.S. 79 (1986); *Kesser v. Cambra*, 465 F.3d 351 (9th Cir. 2006) (en banc).

**1.** The comparison between Juror 46 and Juror 12 provides substantial reason to believe the race-neutral explanation for striking Juror 46 was pretextual and thus did not satisfy step three of the *Batson* inquiry. *See Miller-El v. Dretke*, 545 U.S. 231 (2005). When asked to provide a neutral reason for striking Juror 46, the prosecutor said she was concerned that a juror with "a family member who had been convicted of a crime and did some time," "may be biased against the government." But this concern applied with equal, if not greater force, to Juror 12, whose two children both served time for drug offenses and who took her seat on the jury without objection. Given the opportunity to question prospective jurors, the prosecutor's failure to inquire further of Juror 46 regarding his relative who served jail time for a DUI offense (e.g., was the relative close or distant; how does that conviction bias you, if at all, in this case) further indicates that this explanation was pretextual. *Id.* at 244.

With regard to the explanation that Juror 46 was likely to know the witnesses in the case, the government has not explained why Juror 46's failure to indicate that he knew any of the witnesses when asked was insufficient. Though he had spent some time on the Reservation at issue, he lived and worked in a "completely different place" on a different Reservation, many miles away. He represented only that he knew a "few" members of the Whiteriver tribe. Further, the record does not support the prosecutor's description of Juror 46's responses to this line of questioning as "evasive," particularly as no inquiry was made as to any perceived ambiguities.

Finally, the prosecutor's statement that she essentially did not believe Juror 46 has a tone of bias, and would seem to exclude any potential juror with a connection to an Indian reservation for a crime concerning an inhabitant of that reservation.

For these reasons, the appellant's convictions are reversed.

**2.** The appellant raises several additional issues, most of which we need not reach in light of our decision that there was an equal protection violation. As the issue will likely arise again at a new trial, we do, however, hold that the district court did not abuse its discretion in allowing nurse Kandy Chintis to testify to M.C.'s statement identifying "Mousy." It is clear from the record that M.C.'s

3

statement was made for, and was reasonably pertinent to, medical diagnosis or treatment, and was meant to describe the cause of her discomfort.  Therefore the statement was properly admitted as an exception to the rule against hearsay.  Fed. R. Evid. 803(4); *see United States v. Yazzie*, 59 F.3d 807, 812-13 (9th Cir. 1995); *United States v. George*, 960 F.2d 97, 99-100 (9th Cir. 1992).

REVERSED and REMANDED.