42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan JIMENEZ-FUENTES, Defendant-Appellant.
 No. 94-10084.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1994.*
Decided Nov. 22, 1994.
 
 Before: LAY,** PREGERSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Jimenez-Fuentes was convicted of transporting illegal aliens and conspiring to transport illegal aliens pursuant to 18 U.S.C. Sec. 371 and 8 U.S.C. Sec. 1324(a)(1)(B). Jimenez-Fuentes appeals, alleging violations of the Confrontation Clause and the Due Process Clause. We affirm.
 
 
 3
 * Jimenez-Fuentes argues that the admission of the videotaped deposition of Patricio Rojas violated his rights under the Confrontation Clause. We review de novo the claim that admission of hearsay violated the Confrontation Clause. United States v. George, 960 F.2d 97, 99 (9th Cir.1992).
 
 
 4
 Although hearsay testimony deprives a defendant of the opportunity to confront the declarant, admission of such testimony is constitutional so long as the prosecution establishes that the hearsay declarant is unavailable and that the hearsay statement bears the indicia of reliability necessary to afford the trier of fact a satisfactory basis for evaluating the truth of the prior statement. Ohio v. Roberts, 448 U.S. 56, 65-66 (1980).
 
 
 5
 Jimenez-Fuentes first maintains that the prosecution did not adequately establish that Rojas was unavailable. In order to show a declarant's unavailability, the prosecution must make "a good faith effort to obtain his presence at trial." Barber v. Page, 390 U.S. 719, 725 (1968). We conclude that the prosecution satisfied this standard.
 
 
 6
 On the first day of the deposition, Agent Lara transported Rojas to Tucson, where the deposition was being held, and returned him that evening to Mesa, where he was staying. The next day, when Agent Strootman came to pick Rojas up at the apartment where he was staying, Rojas was nowhere to be found. Agent Strootman then spent twelve hours searching for Rojas in Phoenix, focusing on locations where aliens gather to seek employment. A couple of days later, Agent Lara went to Phoenix and also spent an entire day searching for Rojas. Agent Lara returned to Phoenix at least two more times before the August 24, 1993 hearing, and Agent Strootman went back at least once. During one of the trips, Agent Lara interviewed Rojas' family. They gave him phone numbers of places where Rojas might be, but Agent Lara was unable to find Rojas at any of these locations.
 
 
 7
 At one point, Rojas' Uncle Juan told Agent Lara that Rojas might be near his girlfriend's address or might have flown to California. Jimenez-Fuentes makes much of the fact that Officer Lara did not specifically ask Uncle Juan where Rojas' girlfriend lived or where in California Rojas might have gone. However, Officer Lara did ask Uncle Juan if he had any additional information about Rojas' whereabouts, and Uncle Juan said he did not know anything more. Jimenez-Fuentes also complains that the prosecution did not subpoena Rojas prior to his disappearance. However, the prosecution merely needed to subpoena him reasonably in advance of trial. In light of Rojas' voluntary appearances at the prior hearing dates pursuant to letter subpoenas, it would have been more than reasonable to wait until the conclusion of the videotaped deposition to subpoena him. Accordingly, we hold that the prosecution made a good-faith effort to obtain Rojas' presence at trial, and thus that the prosecution established Rojas' unavailability.[1]
 
 
 8
 Jimenez-Fuentes next claims that his Confrontation Clause rights were violated because, at the time of the videotaped deposition, Jimenez-Fuentes was unaware that the prosecution was going to use certain inculpatory statements that he made to Agent Lara. Jimenez-Fuentes maintains that he would have cross-examined Rojas differently had he known that his statements would be used. We need not decide whether a Confrontation Clause violation occurred because any error would be harmless beyond a reasonable doubt. Delaware v. Van Arsdale, 475 U.S. 673, 681 (1986); United States v. Garcia, 16 F.3d 341, 342 (9th Cir.1994).
 
 
 9
 First, Jimenez-Fuentes does not tell us how he would have cross-examined Rojas differently had he known that his statement was going to be used. Further, since Jimenez-Fuentes' statement strongly corroborates Rojas' testimony, it is not at all apparent how additional or different cross-examination could have helped Jimenez-Fuentes. Indeed, Jimenez-Fuentes tried in every way possible to impeach Rojas' credibility even when he did not know that the prosecution was going to use his statement. Yet it was all to no avail. Moreover, the prosecution introduced additional evidence linking Jimenez-Fuentes to the conspiracy, including Uncle Juan's testimony, Agent Lara's testimony, and various phone records. On these facts, therefore, we conclude that any conceivable error must be deemed harmless beyond a reasonable doubt.
 
 II
 
 10
 Finally, Jimenez-Fuentes contends that his due process rights were violated by the admission of the statements he made to Officer Lara. To find a violation of due process, we must find that the admission of the evidence rendered the trial so fundamentally unsound as to require a reversal of the conviction. Rose v. Clark, 478 U.S. 570, 577 (1986). Jimenez-Fuentes has failed to meet this standard. Jimenez-Fuentes was granted a continuance so that he could prepare for trial in light of the new evidence. Jimenez-Fuentes again maintains that he would have cross-examined Rojas differently had he known that his statements to Officer Lara were going to be used, but we reject that claim for the reasons stated above.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Jimenez-Fuentes also appears to argue that the deposition was unreliable. However, he supports this allegation solely by pointing to Rojas' alleged bad character for truthfulness. Courts do not determine the reliability of testimony by examining the reliability of the deponent. Rather, we "must make this determination based upon such guarantees of trustworthiness as the opportunity of the defendant's counsel to cross-examine, the administering of an oath to the deponent, and the jury's opportunity to observe his demeanor." United States v. Sines, 761 F.2d 1434, 1442 (9th Cir.1985). Here, Jimenez-Fuentes had a full opportunity to cross-examine Rojas; Rojas' testimony was under oath; and, the jury was able to observe Rojas' demeanor on the videotape. Consequently, the prosecution adequately established the reliability of the deposition