132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Paul COLLICOTT, Defendant-Appellant.
 No. 97-30006.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 1, 1997.
Dec. 10, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington Wm. Fremming Nielsen, Chief Judge, Presiding
 Before WRIGHT, REAVLEY** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward Collicott complains that the district court erred in admitting an out of court statement of Melauni Zaidi. He also complains that the court erred in denying his new trial motion. We affirm.
 
 
 3
 Zaidi's testimony from Collicott's first trial was presented to the jury by defense counsel. Zaidi testified that she did not make money selling drugs and instead made money selling her body, and that "I have never sold drugs except for ten years ago." Zaidi's counsel then called City of Spokane detective Mark Burbridga, regarding his undercover drug work that included contact with Zaidi. On cross-examination Burbridge was asked whether Haidi told him anything indicating her "state of mind. with respect to her involvement in drug dealing." According to Burbridge, Zaidi told him that "I am not a drug dealer, I sell p--y." Birbridge interpreted this statement to mean "that she did not consider herself a drug dealer, that she was just helping people connect with a drug dealer and that she was a whore working the streets."
 
 
 4
 Collicott's counsel did not object to the above-quoted testimony prior to its admission. After the evidence came in, defense counsel did not move that it be stricken, but asked only for "an instruction on the hearsay objection as to the truth of the matter asserted." The prosecutor agreed to such an instruction, and the court then gave one, explaining that the evidence was offered to show Zaidi's state of mind, but was not offered "for the truth of what it was that she said."
 
 
 5
 Collicott now argues that the evidence should not have been admitted at all. He made no such objection to the trial court. Where a party fails to object to the admission of evidence in the district court on the grounds raised on appeal, the admission of the evidence is reviewed for plain error. United States v. Gomez-Norena, 908 F.2d 497, 499-501 (9th Cir.1990). In order to show plain error, Collicott must show that (1) an error occurred; (2) the error was plain, clear or obvious, and (3) the error prejudiced his 'substantial rights' in that it affected the outcome of the proceedings.' United States v. Baron, 94 F.3d 1312, 1316 (9th Cir.1996). If these requirements are met, we have authority to reverse the conviction, but should exercise our discretion to do so only if the error seriously affected the fairness, integrity or public reputation of the proceedings. Id.
 
 
 6
 Zaidi's statement to Burbridge that she was not a drug dealer does not rise to the level of plain error. The statement was unshorn, self-serving hearsay, made within a few day's of Zaidi's testimony at the first trial. The statement was cumulative of her sworn trial testimony, presented to the jury by the defense, where she stated that she did not sell drugs, but instead sold her body. The statement to Burbridge was little more that unsworn corroboration to the sworn testimony the jury had already heard. Its admission, if error at all, does not amount to plain error. See United States v. Musacchio, 968 F.2d 782, 791 (9th Cir.1991) (admission of evidence, even if inadmissible hearsay, does not amount to plain error where "[t]he evidence was cumulative of other evidence admitted at trial without objection.").
 
 
 7
 As to the denial of Collicott's new trial motion, we review the court's decision for abuse of discretion. United States v. George, 960 F.2d 97, 101 (9th Cir.1992). We find no abuse of discretion. Insofar as the motion complained of Zaidi's statement, the motion was properly denied for the reasons discussed above. Insofar as the motion complained generally of a lack of evidence, we find, after our review of the record, no abuse of discretion in denying the motion on this ground.
 
 
 8
 AFFIRMED.
 
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3